UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EMPIRE ENTERPRISES JKB, INC.

                        Plaintiff,              AMENDED
v.                                            ANSWER

UNION CITY CONTRACTORS, INC.,        Case No. 6:05-CV-6461L
NOVA CASUALTY COMPANY, and
NOVA AMERICAN GROUP, INC.,

                        Defendants.

---

SIRS:

PLEASE TAKE NOTICE, that pursuant to Rule 26(b)(1) of the Federal Rule of Civil Procedure, the undersigned attorneys for defendants Union City Contractors, Inc., NOVA Casualty Company, and NOVA American Group, Inc., for their amended answer to plaintiff's complaint, allege as follows:

    1.      Admits paragraphs styled 2, 5, 6, 10, 13, 15, and 19.

    2.      Denies information sufficient to admit or deny paragraphs styled 1, 3, and 4 and therefore denies the same.

    3.      Denies paragraphs styled 16, 18, 20, and 21.

    4.      Admits so much of paragraph 7, alleging that yardage will be logged daily, but denies that the calculation from daily log tickets is an accurate representation of yardage.

    5.      Admits so much of paragraph 8, alleging the dates of chipping, but denies the accuracy of plaintiff's representation of yardage.

    6.      Admits so much of paragraph 9, alleging the submission of log tickets, but denies the log tickets represent an accurate representation of yardage.

7. Admits so much of paragraph 11, alleging plaintiff submitted an invoice, but denies the accuracy of the yardage stated in said invoice.

8. Admits so much of paragraph 12, alleging payment of $30,750, but denies the remaining amount is due.

9. Admits only so much of paragraph 17, alleging a contract price of $10 per cubic yard and denies the daily job tickets accurately set forth cubic yardage removed.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

10. The defendant, Union City Contractors, Inc. (Union City) entered into a contract with the Army Corps of Engineers to remove accumulated vegetative debris from the area of the Mt. Morris Dam.

11. Defendant Union City's contract with the Army Corps of Engineers provided for the chipping and removal of debris based on a rate for the cubic yardage of chips actually removed with trucking to the Ontario County Landfill.

12. Plaintiff's contract with the defendant Union City was subject to the terms and conditions of defendant's contract with the Army Corps of Engineers and the Rules and Regulations pertaining thereto.

13. Cubic yardage of chips can be measured by measuring the amount of yardage in the cone produced by the chipping machine, measuring from a flat base to the underside of the chipping chute, or, by counting the cubic yardage held by each loaded truck removing chips.

14. The defendant Union City was required to certify, under oath to the Army Corps of Engineers, subject to criminal sanctions as provided by Federal Regulations, as to the cubic yardage of chips removed from the site.

15. The defendant Union City actually counted each truckload of removals. Based on truck capacity and load Union City determined that no more than 5,392 cubic yards of chips were removed. A copy of defendant's truck count is annexed as Exhibit A.

16. Based on the above, the defendant Union City is obligated to plaintiff for not more than $53,920, less the sum of $30,750 paid on account.

17. The true amount owed by defendant Union City to plaintiff, based on the yardage count, is not more than the sum of $23,170.

18. Defendant Union City agreed to pay to plaintiff $23,170 in final settlement but plaintiff has refused to settle said account for that amount.

19. Defendant Union City certified, under oath, to the Army Corps of Engineers, to the removal of not more than 5,392 cubic yards worth of chips.

20. Defendant cannot certify, under oath, to the Army Corps of Engineers, plaintiff's count when it knows the same to be false.

21. Defendant has not been paid by the United States Government for chip removals exceeding 4,820 cubic yards.

22. Defendant has been informed by the Army Corps of engineers that a 40 year history of debris removal did not indicate removals in excess of 5,000 cubic yards of wood chips.

23. The claim of plaintiff that it removed 114,700 cubic yards of chips is false and fraudulent and was made with the intent of defrauding the defendants and the United States Government.

24. Pursuant to the laws made and provided, the knowing presentment, directly or indirectly, of a false claim to the United States Government invalidates plaintiff's claim.

## FOR A SECOND AFFIRMATIVE DEFENSE

25. Pursuant to the terms and conditions of the contract between Union City Contractors, Inc. and the Army Corps of Engineers and Union City Contractors, Inc. an Empire Enterprises JKB, Inc., all chipped debris was to be hauled from the Mt. Morris Dam site to the Ontario county Landfill and disposed of pursuant to a permit effective May 10, 1995 and expiring on May 10, 2005.

26. The trucking distance from the dam site to the Ontario County Landfill site is approximately 45 miles.

27. The trucking distance from the dam site to the actual site of debris removal, upon information and belief, did not exceed 10 miles.

28. By reason of the aforesaid premises, the defendant Union City is entitled to a credit of the difference in mileage from the Ontario County Landfill and the site of actual removal, times the allocation of mileage per cubic yard of actual removals.

29. The Ontario County Landfill charges a fee per cubic yard for dumping.

30. Upon information and belief, Empire incurred no dumping fees for the disposal of the wood chips.

31. Dumping fees were included in the contract price per cubic yard.

32. By reason of the aforesaid premises, the defendant Union City Contractors, Inc., and the Army Corps of Engineers were willfully overcharged and defrauded.

33. By reason of the aforesaid premises, plaintiff willfully breached its contract with the defendant.

34. The disposal of wood chippings by the plaintiff was in violation of the laws in such case provided and did violate the rights of the public to the safe and lawful disposal of solid waste.

FOR A THIRD AFFIRMATIVE DEFENSE

35. By reason of the fraud and deceit of Empire Enterprises JKB, Inc., said plaintiff is entitled to no compensation in excess of the fair charges to chip the actual cubic yardage chipped and remove the same to the place of actual removal without any dumping fees.

WHEREFORE, defendant prays for judgment dismissing plaintiff's claims, exemplary damages, together with the costs and disbursements of this action, and for such other and further relief as to the Court may seem just and proper.

Dated: August 29, 2005

                                        Martin S. Handelman, Esq.
                                        HANDELMAN, WITKOWICZ & LEVITSKY
                                        Attorneys for Defendant
                                        16 East Main Street, Suite 410
                                        Rochester, New York 14614
                                        Telephone: (585) 232-2225

TO: Anthony J. Adams, Jr. Esq.
      GATES & ADAMS, P.C.
      Attorneys for Plaintiff
      28 E. Main Street, Suite 600
      Rochester, New York 14614
      Telephone: (585) 232-6900